[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'MOTION FOR SUMMARY JUDGMENT #129 ANDSUBSTITUTED MOTION FOR SUMMARY JUDGMENT #152
CT Page 73
Plaintiffs allege in an amended complaint dated January 16, 1996, that in September of 1989 the defendant Nicolaou urged the plaintiff, William Harman, to purchase an interest in what became known as "Colonial Realty". Plaintiff claims that defendant Nicolaou represented that such an investment would be profitable but did not explain any risks in such an investment to the plaintiff. Plaintiff did apply to purchase an interest in Colonial Realty and alleges that Nicolaou fraudulently altered his application. The purchase application was completed on December 29, 1989. The plaintiff was approved as an investor in early 1990.
Plaintiffs also allege that Nicolaou improperly directed the investment of their money in their IRA funds in Bank of New England Savings in January of 1990. Almost immediately, the value of Bank of New England's shares decreased and one year later, in January 1991, the bank filed for bankruptcy and was taken over by the FDIC. At the same time, in about the fall of 1990, the plaintiff William Harman discovered that Colonial Realty was a pyramid scheme. This knowledge persuaded Mr. Harman not to make any payments on a promissory note he had executed as collateral for his interest in Colonial.
In March of 1991, Mr. Harman became a member of a class action suit against Colonial Realty; the class was represented by Attorney John Gorman.
This action was commenced on April 5, 1995, against the defendants Nicolaou and Bench Securities to recover damages for fraud committed by Colonial Realty and its principals. Colonial Realty and its principals filed bankruptcy; they have no assets.
The plaintiffs' amended complaint of January 1996, sounds in eight counts: Count one, violation of the Connecticut Uniform Securities Act (CUSA); Counts two and three, negligence; Count four, breach of fiduciary duty; Count five, negligent misrepresentation; Count six, fraud; Count seven, CUTPA; and Count eight, negligent infliction of emotional distress. By motion for summary judgment dated April 7, 1995, and a substitute motion for summary judgment dated November 26, 1997, the defendants seek this court's order of summary judgment on all eight counts of the plaintiff s amended complaint, arguing that each count was filed after the running of the respective statute CT Page 74 of limitations.
Plaintiffs argue that the applicable statutes of limitations have not run, but were tolled by either a continuing course of conduct and/or a fraudulent concealment of the plaintiffs' cause of action.
This court finds the plaintiffs' arguments to be unpersuasive. The discovery of a form of actionable harm commences the running of a statute of limitations. Champagne v.Raybestos-Manhattan, 212 Conn. 509 (1989). Based on the information presented to this court, it is not contested that the plaintiff William Harman knew that the principals in Colonial Realty had been indicted in October, 1990; sought legal counsel in New Haven in December of 1990, and became a member of the class in the class action against Colonial Realty in March of 1991. Giving the plaintiff William Harman the benefit of his last action, the March 1991 date, this court finds the March 1991 date to be the operative date, commencing the running of the statute of limitations for all purposes. Based on this finding, this court enters the following orders:
1. As to Count one, violation of CUSA, General Statutes Section 36-498 (f), the motion for summary judgment is granted. The statute provides for the bringing of an action within one year of the discovery of the misrepresentation or fraud with a five year maximum limitation. Since the plaintiff knew or should have known about the alleged CUSA violation by March of 1991, the one year statute of limitations ran in March of 1992. This action was not filed until April of 1995.
2. As to Counts two, three, four, five, and six, negligence, breach of fiduciary duty, negligent misrepresentation, and fraud respectively, the motion for summary judgment is granted. This court finds the applicable statute of limitations controlled by General Statutes, Section 52-577 which has a three year statute of limitations. That statute applies to all tort actions for which a specific statute does not apply. Claims for both breach of fiduciary duty and fraudulent misrepresentation have been included under this statute. See Arrigoni v. Adorno,129 Conn. 674 (1943) and Wedig v. Brinster, 1 Conn. App. 123 (1983) cert. denied 192 Conn. 803 (1984). Under this three year statute, the statute would have run in March of 1994. This action did not commence until April of 1995. CT Page 75
3. As to Count seven, the CUTPA count, the motion for summary judgment is granted. Section 42-110g (f) also has a three year statute of limitations. Again, the time would have run in March of 1994, and this action did not commence until April of 1995. More importantly, this court finds that CUTPA is not an appropriate cause of action in a securities matter. Our state Supreme Court articulated this clearly in Russell v. Dean WitterReynolds. Inc., 200 Conn. 172 (1986). Here, the court stated: ". . . CUTPA does not apply to deceptive practices in the purchase and sale of securities. The FTC has never undertaken to adjudicate deceptive conduct in the sale and purchase of securities, presumably because such transactions fall under the comprehensive regulatory umbrella of the Securities and Exchange Commission." Id. at 180.
4. As to Count eight, negligent infliction of emotional distress, the defendants' motion for summary judgment is granted. The applicable statute is General Statutes Section 52-584 which has a three year statute of limitation. Based on the March 1991 date, the statute would have run on March of 1994. Again, this action did not commence until April of 1995.
This court is not unsympathetic to plaintiffs' claims. Thousands of people lost thousands of hard-earned dollars from the Colonial Realty fallout. That these plaintiffs were but two of those many thousands who will in all likelihood never recoup any of their losses does not make their claim any less important. However, based on all the information presented to this court in multiple briefs in support of and multiple briefs in opposition to the motion for summary judgment, this court finds that the plaintiffs simply waited too long to act against these two defendants.
Handy, J.